```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT

CHRISTINE L. ROSE,                   :
        Plaintiff,                   :
                                     :
        v.                           :   Case No. 1:06-CV-211
                                     :
                                     :
VERMONT MUTUAL INSURANCE             :
COMPANY,                             :
        Defendant.                   :
_____:
```

## RULING ON DEFENDANT'S MOTION TO COMPEL DISCOVERY
### (Paper 39)

### I. Introduction

In this personal injury action, Defendant Vermont Mutual Insurance Company ("Defendant") moves to compel plaintiff Christine Rose ("Plaintiff") to provide her mental health records. (Paper 39).  The dispute centers on whether Plaintiff impliedly waived the psychotherapist-patient privilege regarding mental health records by alleging certain damages.  For the following reasons, Defendant's motion to compel discovery (Paper 39) is GRANTED.

### II. Background

This lawsuit stems from an auto accident that occurred on August 23, 2002 in which Plaintiff's vehicle was struck by another vehicle driven by Donald Mayotte, Jr.  With Defendant's consent, Plaintiff settled her claim against Mr. Mayotte for his

policy limits of $50,000.  Plaintiff then demanded additional damages from Defendant, her own insurance company, under the uninsured coverage provisions of her policy.

In her complaint, Plaintiff alleges damages, including "severe and significant physical injuries . . . pain and suffering, emotional distress, a loss of the enjoyment of life and permanent impairment," in addition to lost wages, past medical expenses, and future lost wages and medical expenses. Plaintiff's answers to interrogatories also claim impairment of activities due to injuries from the accident, and the possibility of a claim for future lost earning capacity.  (Paper 39-3, ¶¶ 24, 28).  Based on a review of answers to interrogatories, Defendant alleges Plaintiff "has had a historic problem with depression" and requested disclosure of persons who may have seen Plaintiff for depression and a copy of their records.  (Paper 39-2).

III. Discussion

A. Scope and Limits of Discovery

Vermont's discovery statute is similar to the federal rule regarding scope and limits of discovery.  "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." Vt. R. Civ. P. 26(b)(1).  The information sought need not be admissible at trial as long as it "appears reasonably calculated to lead to the discovery of admissible evidence." Id.

Plaintiff objects to disclosing the records on relevancy grounds, and that she has not waived her psychotherapist-patient privilege by seeking "garden variety emotional injuries which naturally result from the tortious incident and her physical injuries therefrom." (Paper 39-4, Ex. B; Paper 40, citing Paper 40-2, Ex. 2, Plaintiff's Responses to Defendant's Interrogatories, Response #18).

Defendant disputes the records are irrelevant because of: the "emotional sequallae" Plaintiff is claiming from her injuries, whether her "pre-existing mental health difficulties have an impact on her ability to earn income" now and in the future, and her claims for "activity restrictions which may be accounted for, at least in part, by issues with depression." (Paper 39; Paper 39-4, Ex. B).

Plaintiff does not directly address the issue of relevancy of the records as they may apply to damages for loss of income, future lost earning capacity or activity impairment. Mental health records may be relevant to these claims for damages and are reasonably calculated to lead to the discovery of admissible evidence. The inquiry then becomes whether such mental health records are privileged.

B. Psychotherapist-Patient Privilege

The United States Supreme Court recognizes a federal common law privilege for psychotherapist-patient communications: ". . .

3

confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." Jaffee v. Redmond, 518 U.S. 1, 15 (1996).[1] The patient may waive the protection of this testimonial privilege. Id. at 15 n.14.

The psychotherapist-patient privilege in Vermont is codified in Vt. R. Evid. 503, which allows the patient the privilege to refuse to disclose confidential communications made for the purpose of diagnosis or treatment of his or her physical, mental, dental or emotional condition.[2] Additionally, 12 V.S.A. § 1612

---

[1]Fed. R. Evid. 501 states in relevant part: "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law."

[2]Vt. R. Evid. 503 states:
   (b) General Rule of Privilege.  A patient has a privilege to refuse to disclose and to prevent any other person, including a person present to further the interest of the patient in the consultation, examination or interview, from disclosing confidential communications made for the purpose of diagnosis or treatment of his physical, mental, dental or emotional condition, including alcohol or drug addiction, among himself, his physician, dentist, nurse, or mental health professional, and persons who are participating in diagnosis or treatment under the direction of a physician, dentist, nurse, or mental health professional, including members of the patient's family.

prohibits a mental health professional from disclosing confidential information unless this privilege is waived.[3]

C. <u>Waiver of Psychotherapist-Patient Privilege</u>

In <u>Mattison v. Poulen</u>, the Vermont Supreme Court addressed the issue of waiver of mental health records, holding that once a patient waives this privilege by commencing an action, the waiver "applies to the discovery of matters causally or historically related to the patient-plaintiff's health put in issue by the injuries and damages claimed in the action." 134 Vt. 158, 163, 353 A.2d 327, 330 (1976).

The reasoning in <u>Mattison</u> applies to this case. The court explained: "Certainly in the interest of justice the defendant in an action for personal injuries and loss of income has the right to determine whether the injuries or conditions complained of result from any other injury or illness which the patient-plaintiff has suffered." <u>Id.</u> at 163. Under the rationale of <u>Mattison</u>, Plaintiff has waived her psychotherapist-patient privilege by commencing a personal injury action and claiming

---

[3] VT. STAT. ANN. tit. 12, § 1612 (2000). Patients privilege states:
  (a) Confidential information privileged. Unless the patient waives the privilege or unless the privilege is waived by an express provision of law, a person authorized to practice medicine, chiropractic or dentistry, a registered professional or licensed practical nurse, or a mental health professional as defined in 18 V.S.A. § 7101(13) shall not be allowed to disclose any information acquired in attending a patient in a professional capacity, including joint or group counseling sessions, and which was necessary to enable the provider to act in that capacity.

damages for lost income, lost earning capacity and activity impairment.[4]

Plaintiff also seeks emotional distress damages.  When a plaintiff seeks damages for emotional distress resulting from wrongful conduct, "the [federal] courts have not developed a consistent approach to whether and when waiver is properly inferred. . . ."  Greenberg v. Smolka, No. 03-CV-8572, 2006 WL 1116521 *1, *5 (S.D.N.Y. Apr. 27, 2006).

Since the psychotherapist-patient privilege was recognized in Jaffee, the question of what is "at issue" and thereby impliedly waived by the Plaintiff has produced two lines of case law.  Ruhlmann v. Ultster County Dep't of Soc. Servs., 194 F.R.D. 445, 448 (N.D.N.Y. 2000).  What is commonly referred to as the narrow view of waiver "finds waiver where the party asserting the privilege has affirmatively used his or her mental condition." Id. at 448.  The broad view proposes that "seeking emotional distress damages is sufficient to bring the emotional condition into issue, opening the door for discovery into psychiatric

---

[4]Plaintiff cites a decision in a medical negligence case from the Supreme Court of New Hampshire, Desclos v. Southern New Hampshire Medical Center, 153 N.H. 607 (2006).  In Desclos, the court distinguished between damages for a clinically diagnosed disorder, such as depression or post traumatic stress disorder, or claims involving expert testimony of mental suffering, in which the psychotherapist-patient privilege is waived and claims of mental suffering involving only generic mental suffering, in which the privilege is not waived. Id. at 615.  In this case, Plaintiff's alleged depression existed before the accident occurred and could affect her claimed damages.

records."  Id. at 449.  Under the facts of this case, the Court chooses to adopt the broad view and finds that the psychotherapist-patient privilege has been waived as to claims for emotional distress.

IV. Conclusion

For the foregoing reasons, Defendant's Motion to Compel Discovery (Paper 39) is GRANTED.  Plaintiff is ordered to disclose any mental health records relevant to Plaintiff's claims of emotional distress, lost income, future lost earnings and activity impairment.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 8th day of November, 2007.

                                              /s/ J. Garvan Murtha  
                                              J. Garvan Murtha  
                                              United States District Judge